BARNS, Justice
(concurring specially).
The appellee-plaintiff recovered a verdict and judgment against the appellant-plaintiff city and after defendant’s motion for new trial was denied the defendant-city appealed. It seems that the trial judge has not erred and that we should affirm for the lack of harmful error by the lower court having been established.
The claim against the city-defendant was for negligence in the' maintenance of its sidewalks and the defense expressed in nine separate items termed “defenses” amounted to an answer of the 'general issue and contributory negligence. ■ '
The defendant-city submits that the court’s denial of the motion for directed verdict and for a new trial gave rise to its first question. After reading assignment of errors one, two and three this seems doubtful, however, the doubts will for present purposes be dismissed.
Appellant’s first question presented is: Whether there is a fatal variance between a complaint ■ alleging that the plaintiff became crippled and lame by reason of stepping in a hole or crevice in a sidewalk and proof that plaintiff stumbled over an obstruction approximately a foot in height on said sidewalk and broke her wrist.
The appellee’s pleading alleged that her injury was occasioned by her fall into a deep crevice or hole in the said sidewalk while the proof was that she stumbled over the portions of the concrete sidewalk that had been broken and elevated six or more inches by the roots of a large oak tree growing adjacent to the sidewalk.
Rules of Civil Procedure, rule 1.15(b) provides: Amendments to Conform with the Evidence. “When issues not raised by the'pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment or decree; but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the' ground that it is not within the issues made by the pleadings the court may allow the pleadings to be amended to conform with the evidence; and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.”
The present rule above quoted is identical with our previous Common Law Rule 15(b) both of which are the same as Federal *565 Rules of Civil Procedure, rule 15(b), 28 U. S.C.A., except that the last two sentences of the Federal Rule 15(b) provides: “If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.” The reason for, or the advantage of this deliberate departure is not evident.
The record of the trial proceedings shows that the case was tried to the jury on the evidence presented to it without any objection grounded on a variance between the pleading and the proof offered. The above mentioned rule was for the purpose of advancing the intent of the statute of jeofails or harmless error statutes, F.S. §§ 54.23, and 54.26, F.S.A. and to liberalize statutes and rules of court relating to amendments of pleading. For a better statement see Rule 61 of the Federal Rules of Civil Procedure which provides: “Harmless Error. No error in either the admission- or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every •stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.” For the want of harmful error this point fails.
Appellant’s second point presented is based on contributory negligence. Suffice it to say that the sidewalk had been defective for ten years which was long enough for the city to leam of its condition; that plaintiff was going south on the west side of the street • and she had not previously traveled'the west side of the street; that the’ accident occurred in the night time; that there was a light ahead and to her left which placed the trunk of the oak between the plaintiff at the place of the injury and the light. See defendant’s exhibit 5 and plaintiff’s exhibits 1, 2 and 3. Questions of fact are to be resolved by the jury when different inferences of fact may be reasonably drawn from the established facts.
No harmful error having been made to appear to have been committed by the lower court the judgment appealed should be affirmed.
HOBSON and DREW, JJ., concur.